**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARCIA EASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00406-MTS |
| | ) | |
| COMMERCE BANCSHARES, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Marcia Eason originally filed this action under the Family and Medical Leave Act of 1993 ("FMLA") against Commerce Bancshares, Inc.  Doc. [1].  In response, it moved to dismiss the action, arguing that, among other shortcomings, Plaintiff failed to name a dispensable party, Commerce Bank, which Commerce Bancshares, Inc. maintained was Plaintiff's actual employer.  Doc. [17].  Plaintiff then filed a First Amended Complaint as a matter of course that named as Defendants both Commerce Bancshares, Inc. and an entity she called "Commerce Bank, Inc."  Doc. [23]; *see also* Fed. R. Civ. P. 15(a)(1)(B). Defendants again moved to dismiss the action.  Doc. [29].  After a review of all the relevant filings, the Court will require Plaintiff to file a Second Amended Complaint and will deny Defendants' Motion without prejudice.

\*

To put it charitably, Plaintiff was careless in drafting her First Amended Complaint. First, the new Defendant she joined, "Commerce Bank, Inc." does not exist.  Defendant

Commerce Bancshares, Inc. made clear in its Motion to Dismiss the original Complaint that Plaintiff failed to name *Commerce Bank*, which is "a Missouri chartered Trust Company, regulated by the Missouri Department of Finance." Doc. [17] at 2 n.1; *see also* Mo. Rev. Stat. §§ 362.020, 362.025. If Plaintiff remained unsure after reading Defendant Commerce Bancshares, Inc.'s representation, Plaintiff could have bothered to look at the Missouri Secretary of State's public records on Commerce Bank, which confirm as much. *See* Mo. Sec. of State Bus. Search, Commerce Bank Notification from Division of Finance on Approval [https://perma.cc/UCW9-LDCY]; *see also Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (noting district courts may take judicial notice of items in the public record, even when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). This issue alone is enough to necessitate an amended complaint. *See Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000) (noting a defendant "ha[s] the right to be accurately named in the process and pleadings of the court" (quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873–74 (4th Cir. 1947))).[1]

But there is more. Though Plaintiff added a second Defendant to the First Amended Complaint, she failed to change most allegations from her original Complaint. The result is that, although the First Amended Complaint now names two Defendants, Plaintiff repeatedly refers only to "Defendant" in the singular, creating ambiguity as to which Defendant Plaintiff is referencing. *See, e.g.*, Doc. [23] ¶¶ 12, 13, 16, 23, 32, 33, 35, 37.

---

[1] Not only did Defendant Commerce Bancshares, Inc. bring this issue to Plaintiff and the Court's attention in their Motion to Dismiss Plaintiff's original Complaint, it also did so in its Motion to Dismiss the First Amended Complaint. Doc. [29] at 3 n.1. Nevertheless, Plaintiff altogether ignored the issue in her Memorandum in Opposition to that Motion. *See generally* Doc. [31].

By doing so, the First Amended Complaint fails to plead facts that show that Commerce Bancshares, Inc., as Commerce Bank's parent company, could be liable for its subsidiary's employment decisions. *See* 29 C.F.R. §§ 825.104(c)(2) ("integrated employer" test), 825.106(a) ("joint employer" test). And the First Amended Complaint fails to plead facts that show "Commerce Bank, Inc." even qualified as an employer under the FMLA. *See* 29 U.S.C. § 2611(4) (defining "employer" under FMLA); *see also Spurlock v. NYNEX*, 949 F. Supp. 1022, 1033 (W.D.N.Y. 1996) (explaining plaintiff did not show that defendant was an employer under the FMLA because his pleadings failed to "allege that defendant employ[ed] fifty or more employees for each working day of twenty or more calendar workweeks in the current or proceeding calendar year").

For at least these reasons, Plaintiff must file a Second Amended Complaint naming the proper Defendants. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (holding that a district court may dismiss a complaint under Rule 12(b)(6) sua sponte if the dismissal does not precede service of process). In it, she must allege facts that show who employed her, and that the entity qualified as an employer under the FMLA. In addition, Commerce Bancshares, Inc. and Commerce Bank make colorable arguments concerning whether Plaintiff's First Amended Complaint states a claim upon which relief can be granted. *See* Doc. [30]. Plaintiff would be wise to take the opportunity of this amendment to provide additional facts or clarify her allegations because, absent extraordinary circumstances, the Court will not allow her a fourth bite at the apple. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (recognizing the "repeated failure to cure deficiencies by amendments previously allowed" as a reason to deny leave to amend); *Salameh v. Tarsadia*

*Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Marcia Eason's First Amended Complaint, Doc. [23], is **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss the First Amended Complaint, Doc. [29], is **DENIED** without prejudice as moot.

**IT IS FINALLY ORDERED** that Plaintiff is **GRANTED** leave to file a Second Amended Complaint no later than **Thursday**, **March 26, 2026**.[2] Failure to do so will result in the dismissal of this action without further notice.

Dated this 16th day of March 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Defendants will have the usual time to file their required response to the Second Amended Complaint.

- 4 -