**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MARCIA EASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:25-cv-00406-MTS |
| | ) |
| COMMERCE BANCSHARES, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendants Commerce Bancshares, Inc. ("Bancshares") and Commerce Bank's Motion to Dismiss Plaintiff's Second Amended Complaint. Doc. [43]; *see also* Doc. [38] (Second Amended Complaint). The Court previously dismissed Plaintiff's First Amended Complaint noting significant pleading deficiencies, as Plaintiff failed to (1) properly identify Commerce Bank, (2) plead that the Bank was a covered employer under the Family Medical Leave Act of 1993 ("FMLA"), or (3) clearly identify which Defendant committed specific improper acts. *See* Doc. [37] (2026 WL 733681). While the Second Amended Complaint resolves most of the issues identified in the Court's prior order, it fails to address some of the substantive defects identified in Defendants' previous and pending motions to dismiss. *See* Docs. [29], [43]. After reviewing the briefs on the Motion and the Second Amended Complaint in their entirety, the Court will grant Defendants' Motion in part and dismiss

- 1 -

Defendant Bancshares as a party to this action; the Court will otherwise deny Defendants' Motion.

## BACKGROUND

Defendant Commerce Bank employed Plaintiff Marcia Eason as a Customer Service Representative from October 2000 to March 23, 2023. Doc. [38] ¶¶ 10–12. In August 2021, Plaintiff contracted COVID-19, which led "to long-term symptoms including but not limited to pneumonia and a pulmonary embolism." *Id.* ¶ 19. Plaintiff sought and received approval for approximately four months of FMLA leave related to her coronavirus infection. *Id.* ¶¶ 20–21. Immediately after Plaintiff's return from FMLA leave, her "supervisors began to ruthlessly scrutinize and nitpick [her] performance" and ultimately placed Plaintiff on an "unwarranted probationary period, claiming poor performance." *Id.* ¶¶ 25–26. Plaintiff "completed the 90-day probationary period, with no notification of any extension of the probationary period." *Id.* ¶ 28.

On July 27, 2022, Plaintiff had a heart attack, requiring her to take an additional month of FMLA leave, which "Defendant Commerce [Bank] approved." *Id.* ¶¶ 30–31. After Plaintiff returned to work in September 2022, she continued to experience "nitpicking into [her] performance." *Id.* ¶ 32. She took additional intermittent FMLA leave, taking 98.76 hours of leave between July 2022 and March 2023. *Id.* ¶ 33. On March 14, 2023, Commerce Bank told Plaintiff that she would be required to renew her intermittent FMLA leave every six months instead of once per year, which she had been

- 2 -

doing since 2011. *Id.* ¶ 35. Plaintiff requested information "substantiating [the] policy, so that she could attempt to initiate the leave procedures, but never received anything prior to her termination." *Id.* ¶ 38.

Plaintiff informed Commerce Bank that she intended to continue taking FMLA leave "regardless of its actions in frustrating her attempts," and was fired by the Bank soon after on March 29, 2023. *Id.* ¶¶ 40–42. Plaintiff maintains that her termination was pretextual, as Commerce Bank cited a "breach of policy" as the reason for termination, but failed to identify any specific policy that she violated. She alleges that she had received no legitimate disciplinary action, she was an "exemplary" employee, and she had never been disciplined for her job performance before she began using increased FMLA leave. *Id.* ¶¶ 43–50.

In this action, Plaintiff purports to bring an "interference" and a "retaliation" claim under the FMLA against Defendants, alleging: (1) that "Defendant [Commerce Bank] interfered with Plaintiff's exercise of her FMLA rights by: a) implementing a new six-month recertification requirement in March 2023 after over a decade of annual renewals; b) refusing to provide Plaintiff with the necessary documentation to comply with the new recertification policy; c) subjecting Plaintiff to heightened scrutiny and an indefinitely extended probationary period after she used FMLA leave, and d) terminating Plaintiff shortly after she expressed her intent to continue using FMLA leave"; and (2) that Defendant Commerce Bank retaliated against her for exercising her rights under the FMLA by subjecting her to "heightened scrutiny and nitpicking of her

- 3 -

performance," placing her on "an indefinitely extended probationary period beginning in May 2022," continuing unspecified "harassment after her return from leave in July 2022," and ultimately terminating her employment in March 2023. *Id.* ¶¶ 60, 67–69. Plaintiff further alleged that Bancshares, "as corporate parent, was a[n] integrated employer as it had common management, inter-relation between operations as it was a holding company for the operations of Defendant [Commerce Bank] and had central control of labor operations." *Id.* ¶¶ 57, 72. Defendants moved to dismiss, arguing that Plaintiff failed to state a claim upon which relief can be granted. *See* Docs. [43], [44].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the legal sufficiency of a complaint. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981) (per curiam). When considering a Rule 12(b)(6) motion, the Court assumes all a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party. *See Nietzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, the complaint "must allege more than '[t]hread bare

- 4 -

recitals of the elements of a cause of action, supported by mere conclusory statements'"

and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that

is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir.

2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "need not

accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the

facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). The Court

does not decide whether the plaintiff will ultimately prevail, but rather only whether the

plaintiff is entitled to present evidence in support of the claim. *Fenico v. City of*

*Philadelphia*, 70 F.4th 151, 161 (3d Cir. 2023); *Sewell v. Monroe City Sch. Bd.*, 974

F.3d 577, 582 (5th Cir. 2020).

## DISCUSSION

### I.      Claims Against Defendant Bancshares

As with Plaintiff's First Amended Complaint, the Second Amended Complaint

fails to demonstrate that Bancshares, as Commerce Bank's parent company, could be

liable to the Bank's employment decisions. Plaintiff's bare allegations that Bancshares

has "common management," an "inter-relation between operations" with Commerce

Bank, and "had central control of labor operations," are mere legal conclusions drawn

directly from 29 C.F.R. § 825.104(c)(2) (listing the factors in determining whether

entities are an integrated employer, including common management, interrelation

between operations, centralized control of labor relations, and degree of common

ownership/financial control).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.

Plaintiff's conclusory allegations regarding the involvement of Bancshares in Plaintiff's employment decisions fall below the pleading standard described in *Twombly* and *Iqbal*, failing to raise a right to relief "above the speculative level." *Twombly*, 550 U.S. at 555.  Accordingly, the Court will grant Defendants' motion to dismiss Plaintiff's claims against Bancshares.  Should evidence emerge through discovery suggesting that Bancshares shares responsibility for Plaintiff's alleged injury, the Court would entertain a motion to amend or motion to add Bancshares back as a party.  *See* Fed. R. Civ. P. 15(a)(2); *id.* at 21.

## II.     FMLA Claims

Under the FMLA, qualified employees are entitled to twelve work weeks of leave during any twelve-month period for serious health conditions.  29 U.S.C. § 2612(a)(1)(D).  When an employer interferes with an employee's rights under the FMLA, the affronted employee may bring a civil action against the employer under § 2615(a)(1), which makes it unlawful for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]," or § 2615(a)(2), which makes it unlawful for "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]."

The U.S. Court of Appeals for the Eighth Circuit has recognized three types of claims arising under these two subsections. *See Boston v. TrialCard, Inc.*, 75 F.4th 861, 868 (8th Cir. 2023) (citing *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012)); *see also Halberg v. Location Servs., LLC*, 597 F. Supp. 3d 1309, 1316–17 (D. Minn. 2022) (discussing the Eighth Circuit's characterization of the types of FMLA claims).  The first type of claim occurs when an employer refuses to authorize leave under the FMLA or takes other action to avoid responsibility under the Act. *Pulczinski*, 691 F.3d at 1005.  Such a claim arises under § 2615(a)(1).  *Id.*  The Eighth Circuit has called this claim an "interference" claim, but it also has recognized that, for the sake of clarity, it might better be described as an "entitlement" claim.  *Id.  See also, e.g.*, *Boston*, 75 F.4th at 686.

The second claim arises under § 2615(a)(2) and "is analogous to retaliation claims that are familiar under Title VII and other federal antidiscrimination statutes." *Pulczinski*, 691 F.3d at 1005; *accord Brown v. Diversified Distribution Sys., LLC*, 801 F.3d 901, 909 (8th Cir. 2015); *Burciaga v. Ravago Americas LLC*, 791 F.3d 930, 934 n.2 (8th Cir. 2015).  This claim ensues when an employer takes adverse action against an employee who expresses opposition to any practice made unlawful under the FMLA. *Pulczinski*, 691 F.3d at 1005; *Boston*, 75 F.4th at 868.

Lastly, the third claim occurs when an employer takes adverse action against an employee because the employee exercises rights to which the employee is entitled under the FMLA.  *Id.*  Like the first claim, this one also arises under § 2615(a)(1).  *Id.*;

*Burciaga*, 791 F.3d at 934. The Eighth Circuit has explained that to "distinguish the 'entitlement' claim under § 2615(a)(1), and the 'retaliation' claim under § 2615(a)(2)," it is "helpful to describe" this third sort of claim "as a 'discrimination' claim." *Pulczinski*, 691 F.3d at 1006; *accord Button*, 963 F.3d at 834; *Jackson v. City of Hot Springs*, 751 F.3d 855, 858 n.1 (8th Cir. 2014).

Plaintiff's Second Amended Complaint purports to bring two counts under the FMLA, an "interference" claim and a "retaliation" claim. Doc. [38] at 8–9 (typecase altered). But it is the "facts alleged" in a pleading that matter, "not the legal theories" that a pleading may include. *See Topchian v. JPMorgan Chase Banks, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). Indeed, a plaintiff need not set out *any* legal theory in her complaint. *In re SuperValu, Inc.*, 870 F.3d 763, 772 (8th Cir. 2017) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014)); *accord Oesterlin v. Cook Cnty. Sheriff's Dep't*, 781 F. App'x 517, 521 n.2 (7th Cir. 2019) (joined by Barrett, J.); *Fitzgerald v. Codex Corp.*, 882 F.2d 586, 589 (1st Cir. 1989) (joined by Breyer, J.); *Siegelman v. Cunard White Star Ltd.*, 221 F.2d 189, 196 (2d Cir. 1955) (Harlan, J., joined by Clark, C.J.).[*] Accordingly, the Court must determine whether Plaintiff's Second Amended Complaint alleges "sufficient facts . . . to state a claim under any legal theory." *See*

---

[*] Nevertheless, failing to identify the proper legal theory in a complaint has caused problems for plaintiffs at later stages of litigation. *See, e.g.*, *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806–07 (8th Cir. 2008); *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 925–927 (5th Cir. 2022). *But see Bye*, 49 F.4th at 928–29 (Ho, J., concurring in part and dissenting in part); *Koger v. Dart*, 950 F.3d 971, 974 (7th Cir. 2020) (Easterbrook, J.); *Alley v. Resol. Tr. Corp.*, 984 F.2d 1201, 1208 (D.C. Cir. 1993) (R. Ginsburg, J.).

- 8 -

*Topchian*, 760 F.3d at 849.  The Court need not, at least at this time, determine whether the legal labels Plaintiff has given her claims are correct.

Accepting the factual allegations contained in the Second Amended Complaint, summarized above, as true and making all reasonable inferences in Plaintiff's favor, *see Martin*, 752 F.3d at 727, the Court concludes that Plaintiff has stated a plausible claim for relief under the FMLA against Defendant Commerce Bank.  The Court therefore will deny the Motion to Dismiss as to Commerce Bank.  *See Iqbal*, 556 U.S. at 679 ("[A] complaint that states a plausible claim for relief survives a motion to dismiss."); *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'").

## CONCLUSION

For the foregoing reasons, while Plaintiff has failed to state a claim against Defendant Commerce Bancshares, Inc., she has not failed to state a claim upon which relief can be granted as to Defendant Commerce Bank.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Commerce Bancshares, Inc. and Commerce Bank's Motion to Dismiss Plaintiff's Second Amended Complaint, Doc. [43], is **GRANTED in part** and **DENIED in part** as described herein.

- 9 -

**IT IS FURTHER ORDERED** that Defendant Commerce Bancshares, Inc. is **DISMISSED** from this action, and the Clerk of Court is respectfully directed to terminate it as a party on the docket.

Dated this 17th day of July 2026.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE